PER CURIAM.
Appellant, Glenn Brooks, brings this appeal from a final workers’ compensation order entered May 29, 1979. The order awarded appellant permanent partial disability benefits based on a 50% loss of wage earning capacity. The deputy commissioner specifically found that a bona fide job search would develop light types of employment which appellant could perform. Appellant contends the deputy erred in finding appellant had sustained no more than a 50% permanent partial disability of the body as a whole based on loss of wage earning capacity. (Point I.) Appellant further disputes the finding that a bona fide job search would reveal available employment within his capability. (Point II.)
Appellant, age 33, has a ninth grade education and a job history in heavy, unskilled labor. He was employed as a fruit picker on February 2, 1977, when he fell off a defective ladder and sustained a herniated intervertebral disc. The treating neurosurgeon opined appellant reached maximum medical improvement on June 23,1977, with a 25% permanent partial impairment of the body as a whole. The treating orthopedic surgeon, Dr. Pfaff, concurred with this rat-' ing and diagnosed chronic adhesive arach-noiditis, involving nerve root and spinal cord inflammation. However, Dr. Pfaff felt appellant could perform light work, such as that of an office clerk, if he could change his body position at least hourly, whether sitting, standing or walking. Psychological tests performed on appellant revealed that he had a third to fifth grade reading ability and that his motor skills were possibly affected by a minimal brain dysfunction. Regarding manual dexterity, he ranked in the tenth percentile compared to general factory workers. His intelligence ranked in the borderline retarded range, or at best, the dull to normal range. Emotional and motivational difficulties were noted.
Based on these tests, a vocational counselor, Dr. Pyne, concluded there would be few positions appellant could qualify for, even with reduced pain. Another rehabilitation counselor, Mr. Watson, also concluded appellant was probably unemployable due to his physical problems combined with a negative outlook regarding his pain. A job placement specialist in appellant’s home county, Mr. Younse, helped appellant initiate an extensive job search with over thirty potential employers. Following the job search, Mr. Younse opined appellant was sincerely interested in finding work, and he testified that appellant was unable to secure employment because of his back injury. At the hearing, appellant testified he experiences constant leg and back pain, has to go to bed several times a day, has trouble completing even the simplest tasks and cannot stand, sit or drive for prolonged periods.
We reverse the deputy’s award of permanent partial disability because the record is clear that appellant has sustained a total loss of wage-earning capacity, according to the relevant criteria from Walker v. Electronic Products and Engineering Co., 248 So.2d 161 (Fla.1971). Although he is only 33 years old, appellant has a very limited education and a job history in unskilled heavy manual labor. As a result of his industrial accident, he suffers constant pain, and his back condition makes it impos *727 sible for him to return to physical labor. While Dr. Pfaff testified appellant physically might be able to perform light office work, despite his restrictions, it is obvious that appellant’s limited intellectual abilities preclude such work.
Appellant’s inability to compete in the open labor market has been amply demonstrated by his failure to find any work since his accident. The record supplies convincing reasons why he could not find a job, despite numerous visits to potential employers, and the vocational testimony indicates appellant’s post-injury physical condition constitutes a major impediment to his finding a suitable job. In addition, the medical testimony reveals that appellant could only function in a job where he could change positions frequently. Appellant himself testified to the heavy burden of pain which he suffers.
Appellant clearly met his burden of showing it is unlikely he can resume gainful employment, and the burden shifted to the employer/carrier to present evidence showing some work was available within appellant’s capabilities. Ross v. Roy, 234 So.2d 99 (Fla.1970); Port Everglades Terminal Co. v. Canty, 120 So.2d 596 (Fla.1960). The employer/carrier did not come forward with such evidence, and the deputy had no evidence from which to find a bona fide job search would turn up available work within appellant’s capacity.
Reversed and remanded for entry of an order consistent with this opinion.
ERVIN, SHIVERS and SHAW, JJ., concur.