Fleming v. K-Mart Corp.

FRED FLEMING v. K-MART CORPORATION, SELF-INSURED

No. 8210IC1314

(Filed 17 April 1984)

**Master and Servant § 65.2— workers' compensation—findings of total disability rather than partial disability supported by evidence**

The Industrial Commission could properly reject a deputy commissioner's finding that plaintiff's injury sustained while lifting boxes of paint in the course of his employment was exclusively a scheduled injury under G.S. 97-31, and in light of the repeated medical testimony that plaintiff was totally and permanently disabled, its conclusion that plaintiff was entitled to compensation under G.S. 97-29 was entirely proper. The Commission found that plaintiff, as a result of his accidental injury, suffers from back and leg pains; that this pain resulted from arachnoiditis, a condition of the spinal nerve roots, which resulted from operations undergone to relieve the pain caused by the accident.

APPEAL by defendant from opinion and award of the Industrial Commission entered 7 September 1982, as amended 1 October 1982. Heard in the Court of Appeals 14 November 1983.

Plaintiff sustained a back injury in December 1978 while lifting boxes of paint in the course of his employment with defendant. Examination by physicians revealed a slipped disk, for which plaintiff underwent two operations in 1979. The operations did not relieve plaintiff's chronic pain in his lower body. Because the pain apparently arose from scar tissue resulting from the operations, and because further operations would only create more scar tissue, plaintiff's doctor advised him that further operations would not help. Plaintiff now lives with sustained pain, which prevents him from remaining in any one position for any extended period.

Following an evidentiary hearing, Deputy Commissioner Morgan R. Scott filed an opinion and award which included the following findings: that plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant resulting in injury to his back, and that plaintiff sustained a 50 percent permanent partial disability as a result. Deputy Commissioner Scott found that plaintiff's only injury was to his back, and that this constituted a scheduled injury under G.S. 97-31. Therefore, the Deputy Commissioner awarded plaintiff compensation exclusively under that section, at a rate of $132 per week for

150 weeks and apportioned other amounts as attorneys' fees, witness fees, and costs.

Upon appeal by plaintiff, the full Commission issued an opinion and award which included the following relevant findings: that as a result of his occupational injury plaintiff developed arachnoiditis, a binding down of the nerve roots emanating from the spine causing impairment and dysfunction; that the arachnoiditis was responsible for the pain in plaintiff's back and leg; and that plaintiff could not pursue work of any kind and suffered a permanent total disability. A majority indicated its willingness to concede that absent the arachnoiditis, which causes scarring of nerves branching out from the spinal cord, it would limit its award to that mandated by G.S. 97-31. However, specifically because of the arachnoiditis, and relying on uncontradicted evidence by the physicians that plaintiff was totally incapable of work, the Commission awarded total disability compensation under G.S. 97-29. As subsequently amended, the Commission awarded plaintiff $88 per week during the period of total permanent disability. In addition, the Commission ordered defendant to pay plaintiff's related medical expenses already incurred and arising during the period of disability. From this order defendant appeals.

*Hedrick, Feerick, Eatman, Gardner & Kincheloe, by Edward L. Eatman, Jr., for defendant appellant.*

*Craighill, Rendleman, Clarkson, Ingle & Blythe, P.A., by Francis O. Clarkson, Jr., for plaintiff appellee.*

JOHNSON, Judge.

The sole question presented by this appeal is whether the Commission erred in determining that plaintiff is permanently and totally disabled and entitled to compensation under G.S. 97-29, rejecting the earlier finding that his injury is only a scheduled injury, compensable exclusively under G.S. 97-31. It is well established that jurisdiction on an appeal from an award of the Industrial Commission is limited to the questions (1) whether there was competent evidence before the Commission to support its findings and (2) whether such findings support its legal conclusions. *Perry v. Furniture Co.,* 296 N.C. 88, 249 S.E. 2d 397 (1978). The Commission found that plaintiff, as a result of his accidental

injury, suffers from back and leg pain; that this pain resulted from arachnoiditis, a condition of the spinal nerve roots, which resulted from operations undergone to relieve the pain caused by the accident; that plaintiff was totally unable to pursue work of any kind and had sustained a permanent total disability.

These findings are amply supported by the evidence. Both physicians who testified, an orthopedic surgeon, Dr. Price, and a neurologist, Dr. Coffee, were recognized as experts and testified that they had examined plaintiff on numerous occasions. Although both testified that their ratings for permanent partial disability related only to the back injury, they also both gave uncontradicted and repeated testimony that plaintiff was incapable of performing any type of gainful employment.[1] Their testimony concerning plaintiff's arachnoiditis and pain amply supports the Commission's findings with respect to plaintiff's actual medical condition; that condition is not in dispute here. In addition, plaintiff testified that he suffered pain in his left leg, foot, and toes. Further, that he cannot walk more than a city block without having to sit down because of pain, yet he cannot sit up for more than 15 minutes at a time without severe pain. Apparently, plaintiff spends most of his time in a recliner chair.

Defendant contends that the Commission erred in finding that plaintiff suffered permanent total disability. Both physicians testified that plaintiff's pain resulted solely from his back injury, and that plaintiff suffered no permanent partial disability to his legs. Therefore, argues defendant, the only injury shown is the "loss of use of the back." This constitutes a "scheduled injury" under G.S. 97-31, which provides that payments thereunder ". . . shall be in lieu of all other compensation, including disfigurement, . . ." When all of an employee's injuries are included in the

---

1. There was apparently some confusion in Dr. Price's mind as to the maximum allowable award:

I feel that he is totally disabled from work, will not be able to return to the type of work he was doing nor to any other type of gainful employment. Therefore, he is unable to do any kind of job and in that respect he is essentially 100% disabled. However, as I understand it by the standards of the Industrial Commission, the maximum permanent partial disability that I can award him based on his problem is 50% permanent partial disability. I don't know how to differentiate the problem of 50% permanent partial disability from total inability to work and will leave that up to the legal minds.

schedule set out in G.S. 97-31, compensation is exclusively under that section. *Perry, supra.* Therefore, contends defendant, plaintiff's sole right to compensation arises under G.S. 97-31(23), as found by the Deputy Commissioner.

The apparent contradiction in the physicians' testimony results from the multiple meanings of "disability." As used in the Workers' Compensation Act, "disability" specifically relates to incapacity to earn wages. G.S. 97-2(9). Our courts have repeatedly held that as used in the Act "disability" signifies impairment of wage-earning capacity, not physical impairment or infirmity. *See e.g. Wood v. Stevens & Co.,* 297 N.C. 636, 256 S.E. 2d 692 (1979); *Priddy v. Cone Mills Corp.,* 58 N.C. App. 720, 294 S.E. 2d 743 (1982). In medical parlance, however, the primary meaning is "a lack of the ability to function normally, physically or mentally." Dorland's Illustrated Medical Dictionary 384 (26th ed. 1981); *see also* 3B Lawyers' Medical Cyclopedia § 27.1 *et seq.* (3d ed. 1983) (disability guidelines describing physical and mental impairment). Viewed with this distinction in mind, the physicians' testimony no longer appears self-contradictory. Dr. Coffee agreed that his disability rating for plaintiff's leg would be zero, since he found no "actual functional incapacity." His testimony that plaintiff nevertheless suffered sufficient pain so as to be totally incapable of gainful employment is not in actual conflict with the lack of medically defined functional incapacity. Similarly, Dr. Price reported that ". . . there is no disability to the leg. He has leg pain but the problem is not in the leg itself but originates in the back." Again, in *medical* terms no functional disability was apparent; however, this by no means excluded the possibility that plaintiff suffers sufficient pain in his legs to be *legally disabled* within the meaning of the Act.

Defendant contends that this pain is only "referred pain," caused by the back injury, and that only the back *injury* itself may be considered. The Supreme Court's ruling in *Perry, supra,* however, leads to the opposite conclusion. There the plaintiff also suffered a back injury and had resulting pain in his legs. The Commission made a scheduled injury award under G.S. 97-31(23), for permanent partial disability from loss of use of the back. The Supreme Court remanded, holding that in light of the uncontradicted evidence of disabling pain in plaintiff's legs, the Commission must also consider a disability award under G.S. 97-31(15) for

loss of use of both legs.[2] Following *Perry,* we hold that the Commission acted properly in considering this "referred pain" and looking beyond G.S. 97-31(23). Plaintiff's award clearly should not have been limited to that provided by that section. The Workers' Compensation Act mandates compensation for *all* disability caused by the work-related accident. *Little v. Food Service,* 295 N.C. 527, 246 S.E. 2d 743 (1978); *Holder v. Neuse Plastic Co.,* 60 N.C. App. 588, 299 S.E. 2d 301 (1983).

The full Commission found that as a result of work-related accident plaintiff had developed arachnoiditis and was permanently and totally disabled. Both physicians identified arachnoiditis as the cause of disabling pain. As used in this type of case, arachnoiditis means scarring around the nerve roots emanating from the spinal column, resulting in pressure on the nerve and consequent pain. *See* 1 J. Schmidt, Attorneys' Dictionary of Medicine, A-263-64 (1982). The affected nerves are located not only in the back, but radiate systemically outward through the trunk and thence down into the legs. *See* 3B R. Gray, Attorneys' Textbook of Medicine § 100.41 (3d ed. 1983); H. Gray, Anatomy of the Human Body 1002 (28th ed. C. Goss ed. 1966). They are not located in, nor do they serve, *only* the back and legs. *Id.* The medical testimony indicated pain in the buttocks, posterior thigh, the popliteal area (behind the knee), the calf and the foot. Thus, the Commission could properly reject the Deputy Commissioner's finding that plaintiff's injury was exclusively a schedule injury under G.S. 97-31, and in light of the repeated medical testimony that plaintiff was totally and permanently disabled, its conclusion that he was entitled to compensation under G.S. 97-29 is entirely proper and conclusive here.[3]

We, therefore, do not need to reach the Commission's unnecessary conclusion that the spinal cord is not part of the back.

---

2. The *Perry* court did not rely exclusively on pain as the disabling condition, citing evidence of "absent ankle jerk" and "numbness." Clearly, however, pain was the real cause of the disability. Here also, pain is the primary problem; however, there was also evidence of "slight restriction" of leg movement, and loss of reflexes in the left leg.

3. Other states have also approved permanent total disability awards for arachnoiditis. *See in particular Huda v. Continental Can Company, Inc.,* 265 A. 2d 34 (Del. 1970) (facts very similar to this case); *see also Brooks v. Haines City Citrus Growers Ass'n,* 382 So. 2d 725 (Fla. App. 1980).

The necessary findings of fact are supported by the evidence, and they in turn support the conclusions of law. Therefore, the opinion and award of the full Commission is

Affirmed.

Chief Judge VAUGHN and Judge WELLS concur.