PYDIA JONES v. MURDOCH CENTER

No. 8410IC635

(Filed 2 April 1985)

**Master and Servant § 65.2— workers' compensation—back injury causing arachnoiditis—permanent total disability**

Where injury to plaintiff's back led to arachnoiditis, which causes severe recurrent pain, numbness and weakness in plaintiff's lower back, legs, arms, shoulder and chest and renders her incapable of holding any kind of job, all of plaintiff's injury was not to the back, and she is entitled to compensation for permanent total disability under G.S. 97-29 rather than only for impaired back function under G.S. 97-31.

APPEAL by defendant from opinion and award of the North Carolina Industrial Commission filed 22 December 1983. Heard in the Court of Appeals 7 February 1985.

In 1978, plaintiff suffered a back injury that is admittedly covered by the Workers' Compensation Act. Because of the injury she underwent a myelogram and three different operations, the last one in January 1980, when it was established that she has arachnoiditis as a consequence of either the myelogram or the previous surgery. The arachnoid is one of the thin membranes that envelopes the brain and spinal cord, and arachnoiditis is an inflammation of that membrane. The inflammation plaintiff had scarred the arachnoid tissues around the roots of various nerves that emanate from her lumbar spine, and the contraction of those scarred tissues causes pain in various places throughout the body that are served by those nerves. Because of this she suffers severe recurrent pain, numbness and weakness in her lower back, legs, arms, shoulders and chest that has rendered her incapable of holding any kind of job and of even putting on her hose, combing her hair, and driving a car. Her condition is not correctable by surgery or otherwise. At the hearing before the Deputy Commissioner plaintiff's doctor testified in effect that as a result of the injury plaintiff has a 35 percent permanent impairment of the

back and is also totally and permanently disabled. The Deputy Commissioner, though finding that plaintiff is in fact totally and permanently disabled as a result of the arachnoiditis, concluded that her only injury is to the back and awarded her compensation for the impaired back function in accord with the schedule set out in G.S. 97-31. Plaintiff appealed to the Full Commission, which vacated the Deputy Commissioner's conclusion that her only injury is to the back and awarded her compensation for permanent and total disability under the provisions of G.S. 97-29. Defendant's appeal is from that award.

*Edmundson & Catherwood, by John W. Watson, Jr. and Robert K. Catherwood, for plaintiff appellee.*

*Attorney General Edmisten, by Assistant Attorney General Sandra M. King, for defendant appellant.*

PHILLIPS, Judge.

The sole question presented is whether the Full Commission erred in awarding plaintiff compensation for permanent total disability under G.S. 97-29. That plaintiff is in fact totally and permanently incapable of holding any gainful employment because of the compensable injury sustained is overwhelmingly established by the evidence and defendant does not argue otherwise. What defendant contends is that since the injury was to her back and disability to the back is included in the compensation schedule for specific bodily members and organs contained in G.S. 97-31 that her compensation is limited to the schedule for back injuries therein stated. G.S. 97-31 does provide, as defendant emphasizes, that the compensation therein authorized "shall be in lieu of all other compensation." Nevertheless, this contention has been rejected by our Supreme Court under similar circumstances on several different occasions, and for the abiding reason that our workers' compensation law mandates compensation for *all* injuries that result from a work-related accident. *Perry v. Hibriten Furniture Co.*, 296 N.C. 88, 249 S.E. 2d 397 (1978); *Little v. Anson County Schools Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978). These decisions make plain that our workers' compensation law with respect to impaired bodily organs and members listed in G.S. 97-31 is as follows: When *all* of a worker's injuries are included in the schedule set out in G.S. 97-31 his compensation is limited to

that provided for in the statutory schedule without regard to his ability or inability to earn wages. When *all* of a worker's injuries are not included in the schedule contained in G.S. 97-31 *and* the worker's earning capacity has been permanently, but only partially, impaired he is entitled to the scheduled compensation provided for in G.S. 97-31 *and* an award for permanent partial disability as provided for in G.S. 97-30. When *all* of a worker's injuries are not covered by the schedule contained in G.S. 97-31 *and* the worker's earning capacity has been totally and permanently impaired, he is entitled to an award for permanent and total disability under the provisions of G.S. 97-29.

That the law as above stated was correctly applied to plaintiff's case by the Full Commission is clear, we think, and we affirm the award made. All of her injury is not to her back for the simple reason that the nerves that emanate from the spinal cord do not serve just the back. They radiate into and serve other parts of the body, and the injured nerves which radiate into and serve plaintiff's arms, legs, shoulders and chest have made it impossible for her to work and do many other things as well. Under strikingly similar circumstances the same decision was arrived at in *Fleming v. K-Mart Corp.*, 67 N.C. App. 669, 313 S.E. 2d 890 (1984), *aff'd*, 312 N.C. 538, 324 S.E. 2d 214 (1985), which we deem controlling here. In that case because injury to the back led to arachnoiditis, which caused pain in the feet and legs, making it impossible for plaintiff to hold a job, it was held that all of plaintiff's injury was not to the back and that he was entitled to total and permanent disability payments under G.S. 97-29, rather than back disability payments under G.S. 97-31.

Affirmed.

Judges WEBB and MARTIN concur.