CURTIS KENDRICK, PLAINTIFF-EMPLOYEE v. CITY OF GREENSBORO, DEFENDANT-EMPLOYER, AND AETNA INSURANCE COMPANY, DEFENDANT-INSURER

No. 8510IC909

(Filed 1 April 1986)

1. **Master and Servant § 65.2— workers' compensation—back injury—accident as cause of disability**

   The evidence supported the Industrial Commission's finding that plaintiff's disability results from his having slipped and ruptured a disc in his back while lifting an eighty-pound bag of fertilizer at work although plaintiff thereafter played in a city softball tournament and had had back surgery on two prior occasions.

2. **Master and Servant § 67.3— workers' compensation—pre-existing back condition—back injury as cause of disability**

   The Industrial Commission could properly determine that plaintiff's work-related back injury and the surgery which followed (lumbar laminectomy) contributed to his disability in a reasonable degree and that, as a result, plaintiff is entitled to compensation where the evidence, viewed in the light most favorable to plaintiff, indicates that plaintiff's capacity to work had not been

impaired by two previous lumbar laminectomies and, had he not slipped and reinjured his back, he would not now be disabled.

**3. Master and Servant § 69— workers' compensation—back injury impairing use of legs—compensation for total incapacity**

The Industrial Commission properly awarded plaintiff compensation for permanent total incapacity pursuant to N.C.G.S. 97-29 rather than compensation only for partial loss of use of the back pursuant to N.C.G.S. 97-31(23) where there was medical evidence that plaintiff suffers continuous pain in his back, both hips and legs and continuous numbness of the right foot, that plaintiff's pain is caused by use of his back in coordination with his hips and legs, and that plaintiff is 100% disabled.

APPEAL by defendants from Opinion and Award of the North Carolina Industrial Commission entered 23 April 1985. Heard in the Court of Appeals 16 January 1986.

On 7 October 1982 plaintiff, in the course of his employment with defendant-employer, injured his back when he slipped while lifting an eighty-pound bag of fertilizer. At that time he experienced shooting pain in his hip and right leg. The next day plaintiff saw a physician. He took "pain medication, Tylenol," and went back to work.

Plaintiff continued to experience pain and on 27 October 1982 he saw Dr. Cloninger, a specialist in neurosurgery. Dr. Cloninger diagnosed plaintiff as suffering from a ruptured lumbar disc and later performed a lumbar laminectomy.

Following surgery, plaintiff's condition did not improve. He experiences continuous pain in his back, hips and legs and numbness in his right foot. He cannot lift more than five to ten pounds and can "hardly walk."

Plaintiff applied for workers' compensation benefits. Deputy Commissioner Sellers concluded that plaintiff was totally and permanently disabled as the result of "an injury by accident arising out of and in the course of his employment . . ." and awarded compensation pursuant to N.C. Gen. Stat. 97-29. The Full Commission adopted the Opinion and Award of Deputy Commissioner Sellers.

Defendants appeal.

*Walker, Ray, Simpson, Warren & Blackmon, by Richard M. Warren, for plaintiff appellee.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Thomas C. Duncan and Douglas E. Wright, for defendant appellants.*

WHICHARD, Judge.

[1] Defendants contend the Commission erred in finding that plaintiff's disability results from his having slipped on 7 October 1982. In particular, defendants maintain that plaintiff could not have ruptured his disc on 7 October 1982 because the evidence established that on 16 October 1982 he played in a city softball tournament and was one of two persons chosen most valuable player.

Findings of fact by the Commission are conclusive on appeal if supported by any competent evidence. *Click v. Freight Carriers*, 300 N.C. 164, 166, 265 S.E. 2d 389, 390-91 (1980). Viewing the evidence in the light most favorable to plaintiff, as we must, *see id.*, we find ample competent evidence to support the Commission's finding.

Dr. Cloninger testified regarding plaintiff having played softball as follows:

[A]s to whether I would agree that the disc problem for which I operated in November of 1982 probably was not caused by an incident involving a bag of fertilizer some eight or ten days before the softball game, unless he is a lot more stoic than I—I don't know how to answer that exactly, but my feeling is that the average somebody with a bona fide ruptured disc could not have done that kind of thing. As to whether given this history, [plaintiff's] condition for which I operated and treated him in November of 1982 probably, or more likely than not, was not caused by an incident involving a lifting of fertilizer bags some eight or ten days before the softball game, I can't say that with certainty, obviously. In this particular incidence [sic], I would just say that—well, I just can't answer that . . . . The reason of course is that some people tolerate pain an awful lot better than others and he could have had the problem then and it could have been persistent all through his course until I saw him . . . .

Dr. Cloninger's testimony does not, as defendants contend, compel a finding that plaintiff's condition did not result from injuries he sustained on 7 October 1982.

Plaintiff testified that he injured his back when he slipped while loading bags of fertilizer into a truck on 7 October 1982. He saw a physician regarding his injuries the following day. While plaintiff did play in a softball tournament nine days later, he and the coach of the softball team testified that before the game plaintiff told the coach that his back was hurting but he would play if the coach wanted him to. Each time plaintiff got on base the coach would substitute a runner for him. Dr. Cloninger testified that plaintiff told him on 27 October 1982 that he had injured his back while lifting a bag of fertilizer at work. Based on the foregoing evidence the Commission could find that plaintiff's condition resulted from injuries he sustained on 7 October 1982.

In addition, defendants maintain that the Commission erred in finding that plaintiff's disability results from his work-related accident and the surgery which followed because, prior to the lumbar laminectomy plaintiff underwent in November 1982, he had two other lumbar laminectomies which contribute to his present condition. We disagree.

"[W]here the right to recover is based on injury by accident, the employment need not be the sole causative force to render an injury compensable." *Hansel v. Sherman Textiles*, 304 N.C. 44, 52, 283 S.E. 2d 101, 106 (1981). In *Vause v. Equipment Co.*, 233 N.C. 88, 63 S.E. 2d 173 (1951), the Supreme Court stated:

By the weight of authority it is held that where a workman by reason of constitutional infirmities is predisposed to sustain injuries while engaged in labor, nevertheless the leniency and humanity of the law permit him to recover compensation *if the physical aspects of the employment contribute in some reasonable degree to bring about or intensify the condition which renders him susceptible to such accident and consequent injury.* But in such case "the employment must have some definite, discernible relation to the accident." [Citations omitted.]

. . . .

> It appears . . . that the better considered decisions adhere to the rule that *where the accident and resultant injury arise out of both the idiopathic condition of the workman and hazards incident to the employment, the employer is liable.* But not so where the idiopathic condition is the sole cause of the injury. [Emphasis supplied.]

*Vause*, 233 N.C. at 92-93, 63 S.E. 2d at 176; *see also Rutledge v. Tultex Corp.*, 308 N.C. 85, 102-05, 301 S.E. 2d 359, 370-71 (1983) (reaffirming *Vause*). This Court has stated: "[W]hen industrial injury precipitates disability from a latent prior condition, such as heart disease, cancer, back weakness and the like, the entire disability is compensable . . . ." *Pruitt v. Knight Publishing Co.*, 27 N.C. App. 254, 258, 218 S.E. 2d 876, 879 (1975), *reversed on other grounds*, 289 N.C. 254, 221 S.E. 2d 355 (1976), *quoting* 2 A. Larson, Workmen's Compensation Law, Sec. 59.20, pp. 10-270-273 (1972); *see also Note*, Workmen's Compensation — Apportionment of Disabilities is Limited Under the North Carolina Act, 54 N.C.L. Rev. 1123 (1976). Thus, if plaintiff's work-related accident contributed in "some reasonable degree" to his disability, he is entitled to compensation. *Vause, supra.*

Dr. Cloninger testified regarding the relative effects of plaintiff's previous surgeries and the surgery which followed his work-related accident as follows:

> As to what causes the pain that he refers to, . . . he's had three lumbar laminectomies, the last time . . . we found a small fragment of disc and some spondylosis, which is commonly termed degenerative arthritis, it seemed to be compressing some nerve roots into the right leg. The patient did have a lot of scar tissue around the nerve as a result of not only one, but three, separate lumbar laminectomies. He was complaining, as I said, of pain — continuing pains and some numbness, and I think that was related to his two previous discs, plus the manipulation of surgery, and it was not an unreasonable situation that he would have pain at this point. As to whether it would also be related to the third laminectomy, yeah. It is cumulative. I would think in terms of the worse — seemed to be worse this time than with the other two surgeries.

In addition, Dr. Cloninger testified that plaintiff "initially did well" after his second lumbar laminectomy and that most patients who undergo two lumbar laminectomies are "able to do most things [they want] to do and most people can continue to do heavy work . . . ."

[2] This evidence, viewed in the light most favorable to plaintiff, *Click, supra*, indicates that plaintiff's capacity to work had not been impaired by the previous surgeries and, had he not slipped and reinjured his back, he would not now be disabled. *Pruitt, supra*. Based on the foregoing, the Commission could determine that plaintiff's work-related injury and the surgery which followed contributed to his disability in a reasonable degree and that, as a result, plaintiff is entitled to compensation.

Defendants further protest the award on the ground that plaintiff's permanent and total disability results from "his overall physical condition" and not simply his back condition. Defendants rely on the following testimony by Dr. Cloninger: "[Plaintiff] is one hundred percent disabled from working, based upon his overall physical condition. That includes a number of factors in addition to his back condition, such as several myocardial infarctions and some emotional overlay." The Commission, however, found that "plaintiff's permanent and total incapacity to earn wages is caused by pain in his back and other portions of his body and that all his disabling pain is due to his back injury and operations." Aside from the above quoted isolated remark, Dr. Cloninger spoke exclusively in terms of the pain plaintiff experiences as a result of his back condition and the physical limitations which accompany that pain. When the testimony of Dr. Cloninger is viewed in the light most favorable to plaintiff, *Click, supra*, there is sufficient competent evidence to support the Commission's finding.

[3] Defendants also argue that the Commission erred in awarding plaintiff compensation for permanent total incapacity pursuant to N.C. Gen. Stat. 97-29, as opposed to compensation for partial loss of use of the back pursuant to N.C. Gen. Stat. 97-31(23). Defendants rely on Dr. Cloninger's testimony that in his opinion the permanent disability to plaintiff's back "is approximately twenty percent."

N.C. Gen. Stat. 97-31, in pertinent part, provides:

In cases included by the following schedule the compensation in each case shall be paid for disability during the healing period and in addition the disability shall be deemed to continue for the period specified, and shall be in lieu of all other compensation, including disfigurement, to wit:

. . . .

(23) For the total loss of use of the back, sixty-six and two-thirds percent (66⅔%) of the average weekly wages during 300 weeks. The compensation for partial loss of use of the back shall be such proportion of the periods of payment herein provided for total loss as such partial loss bears to total loss, except that in cases where there is seventy-five per centum (75%) or more loss of use of the back, in which event the injured employee shall be deemed to have suffered "total industrial disability" and compensated as for total loss of use of the back.

Where all of a worker's injuries are compensable under 97-31, the compensation provided for under that section is in lieu of all other compensation. *Perry v. Furniture Co.*, 296 N.C. 88, 93-94, 249 S.E. 2d 397, 401 (1978). When, however, an employee cannot be fully compensated under N.C. Gen. Stat. 97-31 and is permanently incapacitated, he or she is entitled to compensation under N.C. Gen. Stat. 97-29 for total incapacity or N.C. Gen. Stat. 97-30 for partial incapacity. *Fleming v. K-Mart Corp.,*. 312 N.C. 538, 543-46, 324 S.E. 2d 214, 217-19 (1985); *Little v. Food Service*, 295 N.C. 527, 530-31, 246 S.E. 2d 743, 745-46 (1978); *Jones v. Murdoch Center*, 74 N.C. App. 128, 129-30, 327 S.E. 2d 294, 295-96 (1985). In particular, "when . . . an injury to the back causes referred pain to the extremities of the body and this pain impairs the use of the extremities, then the award of workers' compensation must take into account such impairment." *Fleming*, 312 N.C. at 546, 324 S.E. 2d at 218-19 (a disabled plaintiff suffering from "chronic back and leg pain" as the result of a work-related injury to the back could not be fully compensated under N.C. Gen. Stat. 97-31(23) and was entitled to compensation under N.C. Gen. Stat. 97-29); *see also Little, supra* (plaintiff could not be fully compensated under N.C. Gen. Stat. 97-31(23) when injury to her back resulted in "weakness in all her extremities, and numbness or loss of sensation throughout her body").

Dr. Cloninger testified that plaintiff suffers continuous pain "in his back, both hips, and legs . . . [and] continuous numbness of the right foot," and that he is one hundred percent disabled. He opined that plaintiff's pain is caused by "the use of his back . . . in coordination with the hips and the legs . . . ." Based on the foregoing evidence the Commission could determine that plaintiff would not be totally compensated for his injuries under N.C. Gen. Stat. 97-31 and that, as a result, he is entitled to compensation for permanent total incapacity under N.C. Gen. Stat. 97-29.

Affirmed.

Judges BECTON and PARKER concur.