**DEESE v. CHAMPION INT'L CORP.**

[133 N.C. App. 278 (1999)]

BRACY DEESE, EMPLOYEE, PLAINTIFF v. CHAMPION INTERNATIONAL CORPORA-
TION, EMPLOYER (SELF-INSURED), DEFENDANT AND SEDGWICK JAMES OF THE
CAROLINAS, ADMINISTRATOR, DEFENDANTS

No. COA97-1581

(Filed 18 May 1999)

1. **Workers' Compensation— review of deputy commissioner's
   credibility determination—evidence insufficient**

   Reconsidering 131 N.C. App. 299 on remand from the North
   Carolina Supreme Court, the Court of Appeals held that the
   Industrial Commission erred by reversing the determination of
   the deputy commissioner that plaintiff had regained his wage
   earning capacity and that defendants should be permitted to ter-
   minate benefits where defendants presented evidence that plain-
   tiff was actively engaged in an automobile sales business. Under
   *Adams v. AVX Corp.*, 349 N.C. 676, the Commission is not required
   to demonstrate that sufficient consideration was paid to the fact
   that credibility may best be judged by a first-hand observer and
   the Commission is the sole judge of the credibility of witnesses
   and the weight to be given testimony. In finding this plaintiff's tes-
   timony that he was not involved in an auto sales business credi-
   ble, the Commission based its determination on statements made
   by plaintiff to his psychologist and his rehabilitation nurse and a
   corroborating statement made by plaintiff's wife; however, those
   statements were made in 1992 and in early January 1994 and were
   not relevant to the Commission's credibility determination
   because plaintiff did not become involved in the auto sales busi-
   ness until February 1994.

2. **Workers' Compensation— disability—determination—
   post-injury earning capacity**

   The relevant factor in assessing disability is the plaintiff's
   post-injury earning capacity rather than the actual wages earned.

Appeal by defendants from Opinion and Award entered 4
September 1997 by the North Carolina Industrial Commission. Heard
in the Court of Appeals 15 September 1998.

The Supreme Court remanded this case from a unanimous deci-
sion of the Court of Appeals, 131 N.C. App. 299, 506 S.E.2d 734 (1998)
reversing and remanding the decision of the Commission for recon-
sideration in light of *Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d

**DEESE v. CHAMPION INT'L CORP.**

[133 N.C. App. 278 (1999)]

411 (1998). The following opinion replaces the opinion filed on 3 November 1998.

*John A. Mraz, P.A., by John A. Mraz, for plaintiff-appellee.*

*Robinson & Lawing, L.L.P., by Jane C. Jackson and Jolinda J. Steinbacher, for defendants-appellants.*

WALKER, Judge.

On 4 August 1989, plaintiff injured his back lifting a box of plugs while employed at defendant's paper mill. Defendant admitted liability and a Form 21 agreement was approved by the Industrial Commission on 16 January 1990.

Since the injury, plaintiff has had four back surgeries. The first two were performed in 1989 by Dr. Steven Stranges and the last two were performed by Dr. Todd Chapman of the Miller Orthopaedic Clinic. Following the last surgery, Dr. Chapman continued to see plaintiff in 1992 and 1993. Dr. Chapman released plaintiff in October 1993 to return as needed. He determined that plaintiff had a thirty percent impairment of the spine and that he could not return to his job with defendant or any job requiring manual labor or prolonged standing.

In addition, beginning on 1 September 1992, plaintiff was treated by Dr. Joshua Miller of the Southeastern Pain Clinic who prescribed various medications for plaintiff's back pain. At that time, plaintiff also began treatment with Dr. Walter J. Lawless, a clinical psychologist, who concluded that plaintiff suffered from depression and anxiety. On 5 March 1993, due to his improvement, plaintiff was released from Dr. Lawless' care.

In February 1994, plaintiff applied for a motor vehicle dealership license so he could start a used car sales business with his brother. The business operated as Deese's Auto Sales from February through May 1994 when plaintiff signed over his interest in vehicles owned by Deese's Auto Sales to his wife, Judith Deese. She then opened a used car business under the name of J & J Auto Sales which continued to do business until late 1994 or early 1995. Mr. William Gregory, a private investigator hired by defendants, conducted surveillance and recorded it on videotapes which showed plaintiff on the premises of J & J Auto Sales on a number of occasions during August and September 1994.

On 12 December 1994, defendants filed a Form 24 to terminate plaintiff's benefits which they supported with documents and videotapes of plaintiff's activities. Plaintiff filed no response to the application to terminate his benefits and on 13 February 1995, the Commission entered an order terminating benefits as of 15 February 1994.

After a hearing, the deputy commissioner found that plaintiff was actively engaged in the sale of automobiles at J & J Auto Sales; however, he did not report any of this activity to either defendant-employer or their servicing agent. In addition, the deputy commissioner's findings included the following:

17. The investigator, William Gregory, conducted surveillance and recorded it on videotapes which show plaintiff present at J & J Auto Sales on every occasion surveillance was conducted there in 1994. The videotapes depict plaintiff inspecting vehicles, including looking under the hood, talking with customers, and working in the office. At times, plaintiff was the only person present on the premises, clearly indicating he was running the business that day.

18. As shown on the videotapes, and as supported by David Goode's testimony, the work at Deese's Auto Sales was not strenuous and was consistent with plaintiff's capabilities. David Goode testified that he was working at Deese's Auto Sales because he himself could no longer work at Deese's Bait due to a back problem and lifting restrictions. Goode was able to do the sales work at the auto dealership.

19. In addition to the surveillance, William Gregory spoke with David Goode over the phone to ask about the price of a vehicle on J & J's lot. Mr. Goode said he would need to check with the owner and identified Bracy Deese as the owner of the dealership. Mr. Gregory also visited J & J Auto Sales and spoke with Mr. Goode, who told him he worked for Bracy Deese.

20. The business records of J & J Auto Sales also indicate plaintiff's involvement. On October 15, 1994, plaintiff signed a check from the business account of J & J Auto Sales to Linda's Auto Sales for "cars". Notations on other checks for the account dated July 5, 1994, indicate plaintiff was involved in purchasing other items for the business, specifically a motor and a jeep.

21. At the hearing, plaintiff denied involvement in auto sales, but could not explain why he secured a dealership license in his name. The plaintiff also had attempted to operate these businesses without the knowledge of the defendants. Plaintiff never mentioned either business to the defendants or to any of his treating physicians until after he learned that his activities had been videotaped.

22. The videotapes are significant in that they shed light on the plaintiff's veracity. The plaintiff's attempts to operate these businesses without the knowledge of the defendants, coupled with the contradiction of his testimony by the videos are circumstances the undersigned finds significant in assessing the plaintiff's propensity for truth. In view of the documentary evidence and videotape evidence, the undersigned finds plaintiff's testimony that he was not involved in vehicle sales to be unbelievable.

Based on these findings, the deputy commissioner concluded that as of February 1994, defendants had shown that plaintiff regained his wage earning capacity and were permitted to terminate his benefits as of 15 February 1994.

On appeal, the Commission, with one commissioner dissenting, rejected the findings of the deputy commissioner and awarded plaintiff temporary total benefits. Included in the findings of the Commission are the following:

17. The Deputy Commissioner in this matter found plaintiff's testimony regarding his association with his brother's car business and his later investment in said business was not credible. The Deputy Commissioner found that plaintiff had attempted to keep his involvement with the car business hidden from defendant and that plaintiff had never mentioned his involvement to any of his treating physicians until after he learned that his activities had been videotaped.

18. Despite the Deputy Commissioner's first hand observations of the witness at hearing, the Full Commission finds that plaintiff's testimony regarding his association with his brother's car business and his later investment in said business to be credible for the following reasons: plaintiff informed Dr. Lawless that he had been spending some time with his brother at his brother's car dealership; plaintiff's statements to Dr. Lawless are corroborated by statements to Dr. Lawless by plaintiff's wife; Ms. Donna

Kropelnicki, the rehabilitation nurse assigned by defendant to plaintiff's case, had knowledge of the fact that plaintiff was attempting to get out of his house and that he had been frequently visiting his brother's business, and; it was only after Ms. Kropelnicki reported these activities to defendant that the later videotapes were taken.

. . .

21. As the result of his 4 August 1989 injury by accident, plaintiff has been unable to earn wages in his former employment with defendant or in any other employment from 15 February 1994 through the present and continuing.

[1] Defendants contend the Commission erred in improperly disregarding the credibility determination of the deputy commissioner and failing to give reasons for the reversal of that determination.

A review of decisions by the Commission is limited to whether the findings of fact are supported by any competent evidence and whether those findings support the legal conclusions. *Perry v. Furniture Co.*, 296 N.C. 88, 92, 249 S.E.2d 397, 400 (1978). This Court can go no further than to determine whether the record contains any evidence tending to support such findings. *Click v. Freight Carriers*, 300 N.C. 164, 166, 265 S.E.2d 389, 390 (1980). Those findings are binding on appeal if any competent evidence exists to support them even where evidence exists to support contrary findings. *Carroll v. Burlington Industries*, 81 N.C. App. 384, 387-88, 344 S.E.2d 287, 289 (1986), *aff'd*, 319 N.C. 395, 354 S.E.2d 237 (1987). The Commission's legal conclusions are reviewable on appeal to determine if they are justified by the findings of fact. *Pittman v. Thomas & Howard*, 122 N.C. App. 124, 128-29, 468 S.E.2d 283, 285-86, *disc. review denied*, 343 N.C. 513, 472 S.E.2d 18 (1996).

In *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998), the Supreme Court asserted that if there is any competent evidence within the record to support the Commission's findings of fact, such findings are conclusive on appeal. In addition, the Court held that "in reversing the deputy commissioner's credibility findings, the full Commission is not required to demonstrate, as *Sanders* states, 'that sufficient consideration was paid to the fact that credibility may be best judged by a first-hand observer of the witness when that observation was the only one.' " *Id.* at 681, 509 S.E.2d at 413-14 (*quoting Sanders v. Broyhill Furniture Industries*, 124 N.C. App. 637, 641,

478 S.E.2d 223, 226 (1996), *disc. review denied*, 346 N.C. 180, 486 S.E.2d 208 (1997)). "The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Id.* at 680, 509 S.E.2d at 413 (*quoting Anderson v. Construction Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965)).

Here, after receiving evidence and viewing surveillance videotapes, the deputy commissioner determined plaintiff was involved in the auto sales business beginning with his obtaining a dealer license in February 1994. The deputy commissioner then found plaintiff's testimony that he was not involved in the auto sales business not to be credible.

In finding the plaintiff's testimony to be credible, the Commission based its determination on statements made by the plaintiff to his psychologist, Dr. Lawless, and to his rehabilitation nurse, Ms. Kropelnicki. However, plaintiff's statement that he was "spending some time" at his brother's car dealership was, according to testimony at the hearing, made to Dr. Lawless in 1992, as was the corroborating statement made by plaintiff's wife to Dr. Lawless. In addition, the statement made by plaintiff to Ms. Kropelnicki that he was visiting his brother's car lot was made in early January 1994. We fail to see how these statements were relevant to the Commission's credibility determination as plaintiff did not become involved in the auto sales business until February 1994.

Thus, since this was the only finding to support the Commission's determination that defendant was credible, we conclude there was insufficient evidence to support such a finding. Further there was competent evidence in the record that beginning in February 1994 plaintiff applied for and received business permits and licenses in his name; signed business checks; was identified as the business owner by employees; and was videotaped managing the business and performing a variety of tasks at the business on a number of occasions. Plaintiff later transferred the assets of the business into his wife's name although she had no experience in this type of business, held a non-related job elsewhere, and never actively worked at this business.

In accepted claims where the plaintiff received benefits, the plaintiff is relieved of the initial burden of proving disability. *Kisiah v. W.R. Kisiah Plumbing*, 124 N.C. App. 72, 77, 476 S.E.2d 434, 436, *disc. review denied*, 345 N.C. 343, 483 S.E.2d 169 (1997). The presumption of continuing total disability may be rebutted "by showing

DEESE v. CHAMPION INT'L CORP.

[133 N.C. App. 278 (1999)]

the employee's capacity to earn the same wages as before the injury or by showing the employee's capacity to earn lesser wages than before the injury." *Brown v. S & N Communications, Inc.*, 124 N.C. App. 320, 330, 477 S.E.2d 197, 202 (1996). The burden is on the defendants to show that plaintiff is employable by proving: (a) that suitable jobs are available for the plaintiff; (b) that taking into account physical and vocational limitations, the plaintiff is capable of obtaining such jobs; and (c) that the jobs would enable the plaintiff to earn wages. *Id.* at 330, 477 S.E.2d at 202-03. If the employer offers evidence sufficient to meet this burden, then the plaintiff has the burden to show continuing disability by offering evidence in support of a continuing disability or evidence to prove a permanent partial disability. *Id.* at 331, 477 S.E.2d at 203. In this case, defendants have met their burden of showing that plaintiff has wage earning capacity by presenting evidence that plaintiff is able to work in the auto sales business. Thus, on remand to the Commission, the burden shifts to plaintiff to show that he continues to be disabled. *See Franklin v. Broyhill Furniture Industries*, 123 N.C. App. 200, 209, 472 S.E.2d 382, 388 (Walker, J., concurring), *cert. denied*, 344 N.C. 629, 477 S.E.2d 39 (1996); N.C. Gen. Stat. §§ 97-29 and 30 (1991).

[2] Next, defendants contend the Commission should have applied the standard required by N.C. Gen. Stat. § 97-2(9) of plaintiff's wage earning capacity rather than his actual wages. In order for plaintiff to continue to receive temporary total disability he must be "disabled." Disability is defined as the "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9) (Cum. Supp. 1998).

The plaintiff's post-injury earning capacity rather than his actual wages earned is the relevant factor in assessing the disability. *McGee v. Estes Express Lines*, 125 N.C. App. 298, 300, 480 S.E.2d 416, 418 (1997); *Tyndall v. Walter Kidde Co.*, 102 N.C. App. 726, 730, 403 S.E.2d 548, 550, *disc. review denied*, 329 N.C. 505, 407 S.E.2d 553 (1991).

This case is remanded to the Commission for further proceedings consistent with this opinion.

Remanded.

Chief Judge EAGLES and Judge MARTIN concur.