JAMES LETTLEY, EMPLOYEE, PLAINTIFF v. TRASH REMOVAL SERVICE, EM-
PLOYER; PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSUR-
ANCE COMPANY, CARRIER, DEFENDANTS

No. 8810IC236

(Filed 18 October 1988)

**Master and Servant § 55.1, 56— workers' compensation—jumping from cab of truck—back injury—no accident—no causal relation shown between employment and injury**

The Industrial Commission properly concluded that plaintiff did not sustain an injury by accident arising out of and in the course of his employment in March 1985 where plaintiff claimed that he jumped from the cab of his truck and experienced a sharp pain in his back, and on the same day plaintiff's back hurt when he bent over to pick up a piece of trash, but the evidence did not show that jumping down from the truck and bending over to pick up trash were not a part of plaintiff's usual work routine, and these events thus did not constitute an "accident" under the Workers' Compensation Act; plaintiff did not sustain a "disabling injury" to his back, N.C.G.S. § 97-2(6), as he continued

to work until August 1985; the only direct evidence of causation came from an orthopedic surgeon who operated on plaintiff, and his testimony was that plaintiff's condition could have been purely degenerative and caused entirely by normal wear and tear; and other evidence in the case suggested that plaintiff had had earlier, non-work related back problems and had injured his back while working on his car in late spring or early summer of 1985.

APPEAL by plaintiff from Opinion and Award of the Industrial Commission entered 21 October 1987. Heard in the Court of Appeals 8 September 1988.

Plaintiff filed a claim seeking workers' compensation benefits for injuries to his lower back occurring on 30 October 1984 and in March 1985.

Deputy Commissioner William L. Haigh entered an Opinion and Award finding that plaintiff sustained an injury by accident on 30 October 1984 and was temporarily totally disabled from 31 October 1984 to 21 November 1984. The Deputy Commissioner awarded plaintiff compensation for that period, but awarded no compensation for plaintiff's subsequent disability. On appeal to the full Industrial Commission, the Commission affirmed and adopted the Opinion and Award of the Deputy Commissioner. Plaintiff appeals.

*James B. Gillespie, Jr., for plaintiff-appellant.*

*Johnson & Lambeth, Attorneys, by Robert White Johnson, for defendant-appellees.*

PARKER, Judge.

Plaintiff brings forward four assignments of error which are grouped together under one argument in his brief. A review of plaintiff's brief reveals that two questions are presented for appellate review: (i) whether the Commission erred in concluding that plaintiff did not sustain a compensable injury in March 1985, and (ii) whether the Commission erred in finding that the evidence failed to establish a causal relationship between either the injury on 30 October 1984 or the incident in March 1985 and the conditions resulting in plaintiff's surgery and ultimate disability.

The evidence in the case tends to show the following: Plaintiff worked for defendant employer as a "front end driver." Plaintiff's job entailed driving a truck and pulling trash containers to

the front of the truck where they were lifted and emptied into the truck by means of a mechanical apparatus. On 30 October 1984, plaintiff injured his back while pulling an especially heavy container. Plaintiff received medical treatment and was out of work for three weeks. Although he was then able to return to his regular job, plaintiff continued to have problems with his back and he took prescribed pain medication. Sometime in March 1985, plaintiff experienced a sharp pain in his back when he jumped down from the cab of his truck. The same day, plaintiff's back hurt him when he bent over to pick up a piece of trash. At the time of these events, plaintiff did not see a doctor and he continued to work until August 1985. In the summer of 1985, plaintiff was examined by an orthopedic surgeon who diagnosed plaintiff as having a herniated disc, degenerative disc disease, and spinal stenosis, a degenerative condition. Plaintiff underwent surgery on 3 September 1985, at which time the surgeon removed the herniated disc and an area of bone impending on the spinal canal. Plaintiff has been unable to work since his surgery.

Plaintiff first contends that the Commission erred in concluding that he did not sustain an injury by accident arising out of and in the course of his employment in March 1985. The Commission made the following finding with regard to the events in question:

> The evidence fails to establish that there was an interruption of [plaintiff's] regular work routine or that he sustained any disabling injury to his back as a result of jumping from the truck so as to constitute a specific traumatic incident.

The evidence does not show, and plaintiff does not contend, that jumping down from his truck and bending over to pick up trash were not part of his usual work routine. Thus, these events do not constitute an "accident" under the Workers' Compensation Act. *See Davis v. Raleigh Rental Center*, 58 N.C. App. 113, 116, 292 S.E. 2d 763, 766 (1982).

With respect to back injuries, however, the Act provides that a claimant may also receive compensation for an injury resulting from a "specific traumatic incident." G.S. 97-2(6). A specific traumatic incident need not involve unusual conditions or a departure from the claimant's normal work routine. *Caskie v. R. M. Butler & Co.*, 85 N.C. App. 266, 354 S.E. 2d 242 (1987).

Plaintiff contends that the Commission erred by finding that plaintiff did not suffer a specific traumatic incident because he did not sustain a "disabling injury" to his back. This argument has no merit. Even if a specific traumatic incident occurs, to constitute a compensable "injury by accident" there must be a "disabling physical injury to the back arising out of and causally related to such incident." G.S. 97-2(6). Thus, plaintiff is not entitled to compensation based upon the events of March 1985 unless they caused a disabling injury. Moreover, the Commission also found that there was no causal relationship between the events of March 1985 or the injury of October 1984 and plaintiff's present disability. As plaintiff states in his brief, the causation issue is "the crux of the matter."

The Commission's findings of fact on the issue of causation are conclusive if supported by competent evidence, even where the evidence is conflicting. *Anderson v. Construction Co.*, 265 N.C. 431, 434, 144 S.E. 2d 272, 274-75 (1965). If there is no evidence of a causal relationship between the incident and the injury, the claim must be denied. *Id.*

In the present case, the only direct evidence of causation is contained in two depositions of Dr. Carl Unsicker, the orthopedic surgeon who operated on plaintiff. Although Dr. Unsicker testified that plaintiff's condition may have been caused or aggravated by the events of October 1984 and March 1985, he also testified that plaintiff's condition may have been purely degenerative and caused entirely by normal wear and tear. Thus, Dr. Unsicker's testimony was competent evidence to support the Commission's finding.

In addition, other evidence in the case suggests other possible causes of plaintiff's disability. Although he testified that he did not remember having back problems before October 1984, plaintiff admitted that he had seen a doctor for back problems in 1982. Co-workers of plaintiff also testified that his back had been bothering him before the October 1984 accident. Although aggravation of a pre-existing infirmity may be compensable, *Wilder v. Barbour Boat Works*, 84 N.C. App. 188, 195-96, 352 S.E. 2d 690, 694 (1987), the claimant still must show that the aggravating injury proximately caused the disability. *Id.* The evidence in this case is consistent with a finding that plaintiff's disability is due

solely to a degenerative condition and was not proximately caused by an aggravating injury. Finally, we note that there was evidence that plaintiff injured his back while working on his car in the late spring or early summer of 1985, raising the possibility that his disability was the result of an injury that was not work-related.

The Industrial Commission's finding that plaintiff failed to establish that his present disability was caused by a work-related injury was supported by competent evidence and may not be disturbed on appeal. This finding adequately supports the Commission's conclusion that plaintiff is entitled to compensation only for his temporary total disability from 31 October 1984 to 21 November 1984.

Affirmed.

Judges PHILLIPS and EAGLES concur.