Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. The defendant-employer is self-insured.
4. Plaintiff's average weekly wage was $226.82.
5. The issue before the Commission is whether plaintiff suffered an injury by accident arising out of and in the course of the employment as alleged.
* * * * * * * * * * *
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. On March 8, 1991, plaintiff was employed by defendant-employer in the food service department. Her duties included working in the tray line, putting food on trays, washing dishes, as well as other duties required in the food service department.
2. On March 8, 1991, plaintiff was performing her normal duties on the tray line when she felt a sharp pain in her arm and shoulder.
3. Plaintiff was seen by Dr. Joseph T. McLamb at the Goldsboro Orthopedic Associates. Dr. McLamb's medical records indicate that plaintiff is a fifty-one (51) year old female who had the onset of pain in her shoulder in March of 1991. The notes further indicate that the pain occurs after plaintiff lifts above horizontal and does this fairly frequently in her work in the dietary services at Cherry Hospital. In addition, plaintiff was having some radicular type pain that is not totally classic, but does radiate into her hand and fingers. Plaintiff also had some pain at night that wakes her occasionally. Dr. McLamb diagnosed plaintiff as having impingement syndrome right shoulder and degenerative arthritis of her hands.
4. Although plaintiff developed pain at work, she did not suffer an accident and there were no unusual circumstances or deviation from the normal work routine sufficient to show an "accident". Therefore, plaintiff's shoulder injury is not compensable under the Workers' Compensation Act.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. Our Supreme Court has defined the term "accident" as used in the Workers' Compensation Act as an unlooked for and untoward event which is not expected or designed by the person who suffers the injury. The elements of an "accident" are the interruption of the routine of work and introduction thereby of unusual conditions likely to result in unexpected consequences. An "accident" is (1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produces by a fortuitous cause. Gladson v. Piedmont Stores,292 S.E.2d 18 (1982).
2. Plaintiff did not describe an "accident" as that term is defined by the North Carolina Workers' Compensation Act. Therefore the injuries to her shoulder and arm are not compensable. G.S. § 97-2(6).
3. It is the plaintiff's burden of proving, not only the occurrence of an injury by accident, but also that the disabling physical injury resulted thereby. Lettley v. Trash RemovalServices, 91 N.C. App. 625 (1988).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
 S/ _________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________ JAMES J. BOOKER COMMISSIONER
S/ _________________ THOMAS J. BOLCH COMMISSIONER
CMV/CNP/tmd 12/30/94