The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dillard. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. That the employee/employer relationship existed at the time of the injury by accident.
2. That the employer was insured by the defendant, International Insurance Company, on the date of injury.
3. That all parties are properly before the Commission and the Commission has jurisdiction of the parties and of the subject matter.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing, employee-plaintiff was thirty-six years old, with a date of birth of June 8, 1957. In January of 1990, plaintiff was employed by the employer-defendant as a Regional Adjuster in charge of repossession and collections. On January 3, 1990, employee-plaintiff injured his back while in the process of repossessing an automobile in the course of his employment. Specifically, he attempted to lift an automobile transmission from a debtor's home in order to deliver the car to the bank. As he lifted the transmission up, he felt pain in his thoracic and lumbar spine. On January 5, 1990, while in the process of repossessing a motorcycle, employee-plaintiff pulled his back again.
2. Following the January 1990 incidents, the employee-plaintiff was seen in the Urgent Care Clinic in Jacksonville, North Carolina and referred to Dr. Wayne B. Venters, an Orthopedist in Jacksonville, North Carolina. Employee-plaintiff saw Dr. Venters one week after his injury and was diagnosed with having a lumbosacral strain and an interspinous ligament strain at L4-5. Following the initial visit, employee-plaintiff's pain localized in the midline of the lower thoracic region in the T10-11 area and was diagnosed as having a ligamentous strain and myofascitias.
3. In April of 1990, employee-plaintiff complained of pain in his left buttocks. Following a series of cortisone injections and conservative treatment with an electrical stimulation unit, employee-plaintiff was released with a five percent (5%) permanent partial disability to his back.
4. Between August 1989, when plaintiff was beat with a shovel while in the course and scope of his employment, and February 25, 1992, the employee-plaintiff was treated by Dr. Venters for a shoulder injury.
5. At the hearing, the employee-plaintiff testified that he experienced lower extremity pain which eventually developed in his buttocks area following the incident. This fact was corroborated by a medical note of Dr. Venters. Plaintiff also testified that he heard a pop in his back in June 1990. This event was not a new accident but a continuation of an already existing condition.
6. On February 25, 1992, employee-plaintiff returned to Dr. Venters complaining with pain in his lower lumbar region, specifically at the L4-5 area. An MRI taken December of 1992 revealed a ruptured disc at L4-5.
7. On January 8, 1993, employee-plaintiff was examined by Dr. Jeffrey L. Gross, an orthopedic surgeon with the Jacksonville Orthopedic Clinic, in Jacksonville, North Carolina. Employee-plaintiff complained to Dr. Gross that approximately one year prior to seeing him, he began to have tingling in the left leg which had increased to a burning pain with pain in the sacral areas. On examination and review of employee-plaintiff's medical history, Dr. Gross diagnosed the employee-plaintiff as having an interspinous ligament injury at T10-11 and a herniated disc at L4-5. The full Commission finds that plaintiff's herniated disc problem is causally related to his initial injuries of January 3 and January 5, 1990. This finding is corroborated by Dr. Venters notes of January 15, 1990 and April 10, 1990. Therefore the full Commission gives greater weight to the findings of Dr. Venters than the findings of Dr. Gross.
8. Further tests and/or treatment for employee-plaintiff's interspinous ligament strain in the T10-11 area and herniated disc at L4-5 would effect a cure, give relief, or lessen the period of disability. Employee-plaintiff has incurred a five percent (5%) permanent partial disability as a result of the interspinous ligament strain at T10-11 for which he has already received compensation pursuant to the terms of the aforementioned I.C. Form 21 agreement.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Employee-plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of his employment with the employee-defendant on January 3 and January 5, 1990. Letley v. Trash Removal Services, 91 N.C. App. 625,372 S.E.2d 747 (1988).
2. As a result of the employee-plaintiff's aforementioned injuries by accident, he incurred an interspinous ligament strain to his thoracic and lumbar spine. As a result of the ligament strain to his thoracic spine, employee-plaintiff has incurred a five percent (5%) permanent partial disability for which he has already received compensation from the employer-defendant. Employee-plaintiff has proven, by the greater weight of credible evidence, that his herniated disc at the L4-5 level is causally related to his January 1990 accidents. Henry v. A.C. LawrenceLeather Co., 231 N.C. 477, 57 S.E.2d 760 (1950).
3. Further medical treatment is required to effect a cure or give relief for the injuries caused by the employee-plaintiff's January 1990 accidents. Little v. Penn Ventilator Co., 317 N.C. 206,345 S.E.2d 204 (1986).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Employee-plaintiff's claim for medical treatment, as it relates to his herniated disc at L4-5, is ALLOWED.
2. Defendants shall pay for all further medical treatment, as it relates to his herniated disc at L4-5, that is required to effect a cure or give relief for plaintiff's injuries caused by the employee-plaintiff's January 1990 accidents.
3. Defendants shall shall bear the costs.
 S/ ___________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ___________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ___________________ J. RANDOLPH WARD COMMISSIONER
CMV/cnp/tmd 4/25/95;