The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. The Liberty Mutual Insurance Company was the compensation carrier on the risk.
4. Defendant-employer had indicated a Form 22 (Wage Chart) would be submitted; however, it was never submitted.
5. Plaintiff is alleging an injury by accident on July 23, 1993, resulting in an injury to the neck and back.
6. The defendant-employer has denied liability, and the issue to be determined by the Commission is whether plaintiff in fact suffered an injury by accident.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was employed by defendant-employer as a fork lift operator.
2. On or about July 23, 1993, plaintiff backed a fork lift, while going an estimated four (4) to five (5) miles per hour, into a dock board which had malfunctioned and popped up on its own. At the time this occurred, plaintiff was thrown backwards, then forward in a whiplash type motion.
3. Plaintiff reported to his supervisor that the dock board malfunctioned and that someone could get hurt if it wasn't repaired. Plaintiff did not believe at the time that he was injured.
4. Plaintiff worked regularly until August 5, 1993, when he almost passed out at work. He was taken to the emergency room at Lexington Memorial Hospital, at which time his neck was found to be supple and he was diagnosed as treated and noted in the records. Plaintiff did relate a history of migraine headaches, but the records contain no history of a neck injury at work on July 23, 1993 and no history of headaches dating back to on or about July 23, 1993. The records indicate that the headache started the day before, resolved when he fell asleep, then returned at work August 5, 1993.
5. Plaintiff returned to work the following day, August 6, 1993, and worked regularly until September 17, 1993.
6. On September 1, 1993, plaintiff went to a chiropractor for headaches. After asking plaintiff if he had been in any accidents and being told about the July 23, 1993 incident, the chiropractor suggested to plaintiff that he had suffered a neck injury on July 23, 1993. After seeing the chiropractor, plaintiff, for the first time, told his employer he had been injured on July 23, 1993.
7. Dr. Miller has doubts as to whether or not the incident of July 23, 1993 was truly the offending incident that caused plaintiff's neck problems, based on the above facts.
8. Plaintiff did not prove, by the greater weight of the evidence, that the incident on the fork lift on July 23, 1993 caused his neck injury. Plaintiff did not believe it himself, until the chiropractor suggested it.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. It is the plaintiff's burden of proving, not only the occurrence of an incident, but also that the disabling physical injury resulted therefrom. Lettley v. Trash Removal Service,91 N.C. App. 625 (1988).
2. Since plaintiff did not carry the burden of proving that his present condition is causally related to the original incident, he is not entitled to benefits under the Workers' Compensation Act.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
 S/ ________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
S/ ________________ COY M. VANCE COMMISSIONER