I respectfully dissent from the majority's decision to reverse the Deputy Commissioner's denial of benefits. The Deputy Commissioner's Opinion and Award does require some modification (to clarify, for example, that Dr. Hardy ordered no new work restrictions in May 1994). Nevertheless, the Deputy Commissioner correctly concluded that any injury or disability sustained by plaintiff on or after 4 July 1994 was causally related to his degenerative disc disease and not to the alleged incident on that date.
Based on the history plaintiff relayed to Dr. Hardy in December 1993, Dr. Hardy initially believed that plaintiff's degenerative disc disease was made symptomatic by the 24 September 1992 incident in which plaintiff lifted a box of knives. The subsequent history of complaints and course of treatment cast serious doubt on that initial opinion, and Dr. Hardy withdrew it. In his June 1994 letter to the Georgia-Pacific claims examiner, Dr. Hardy stated his opinion that plaintiff's lumbar disc disease was a natural ongoing process which was long-standing and that his condition was not related to the lifting incident in 1992.
The greater weight of the evidence confirms Dr. Hardy's June 1994 opinion on causation. Plaintiff did not seek medical attention for the 24 September 1992 lifting incident until 23 November 1993, more than a year later, and missed no work until 26 November 1993. (The medical records also disclose low back complaints before September 1992.) Plaintiff also did not receive medical treatment nor did he miss work following the 12 March 1993 incident when he was struck in the back. Again, plaintiff did not receive medical treatment and did not miss time from work following the 5 February 1994 fall. The majority's findings to the contrary are not supported by the evidence. None of the work-related mishaps were significant enough to require medical treatment or cause plaintiff to miss time from work.
Dr. Hardy first treated plaintiff in mid-December 1993. Plaintiff did not seek medical attention again until he saw Dr. Hardy in March and May 1994. Dr. Hardy never found any evidence of neurological involvement, as confirmed by an MRI and myelogram. What he did find was degenerative disc disease, particularly in the L4-5 area, coupled with a sacralized L5 congenital condition. In response to a confusing hypothetical, Dr. Hardy agreed that plaintiff's various on-the-job incidents, either singularly or in combination, could have aggravated his preexisting condition to where it became symptomatic and impaired him from doing his "normal job." This proffered evidence of causation should carry little weight in light of Dr. Hardy's earlier opinion (which he did not withdraw), the fact that Dr. Hardy did not examine plaintiff after the 4 July 1994 incident, and the fact that Dr. Hardy repeatedly returned plaintiff to work with no restrictions until the restriction for light duty in May 1994. Significantly, plaintiff presented to Dr. Hardy on 17 May 1994 with complaints of "intense low back pain" that developed "while standing." Dr. Hardy restricted plaintiff to non-labor duty work at that time because of chronic back pain due to his degenerative and congenital condition, not because of a compensable job related injury. It could be said that plaintiff was unable to perform his "normal job" at that point.
The evidence does not support the majority's finding that Dr. Hardy agreed with Dr. Drummond's statement that plaintiff could not return to work because of a job-related disability. In fact, Dr. Dummond's report shows that he relied on Dr. Hardy's diagnosis of degenerative disc disease that was "not caused by an injury sustained on the job" (emphasis added). In short, the greater weight of the evidence does not show that plaintiff's allegedly disabling back pain is causally related to any work-related incident.
Plaintiff has also failed to prove disability. Russell v.Lowes Products Distribution, 108 N.C. App. 762, 425 S.E.2d 454
(1993). Given the failure to show causation, this issue need not be addressed further herein.
For the foregoing reasons, I believe that plaintiff has not met his burden of proving that he sustained a disabling injury caused by accident or specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2 (6); Lettley v. Trash RemovalService, 91 N.C. App. 625, 372 S.E.2d 747 (1988). Accordingly, I respectfully dissent.
 S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER