The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the deputy commissioner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except for the addition of Conclusion of Law No. 2, the modification of Finding of Fact Nos. 7 and 8, Conclusion of Law No. 1 and 2, and certain other minor technical modifications.
* * * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer-employee relationship existed between the Plaintiff and the Defendant-employer.
3. The Liberty Mutual Insurance Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $303.68, which yields a compensation rate of $202.46 per week.
5. Plaintiff suffered an injury by accident to her left knee on January 24, 1990.
6. The Defendant-employer admitted liability and the parties entered into a Form 21 Agreement which was approved by the Industrial Commission.
7. Plaintiff returned to work on April 23, 1990, and worked until August 13, 1990.
8. The issue to be determined by the Commission is whether Plaintiff is entitled to temporary total disability benefits after August 13, 1990.
* * * * * * * * * * * * * *
The Full Commission adopts in part and modifies in part the findings of fact found by the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. After the injury on January 24, 1990, Plaintiff was treated at the Lumberton Radiological Associates, By Dr. Carl Hoffman. His notes reflect a non-displaced, non-angulated fracture of the patella, which appeared to be in good position. No other abnormalities were seen, except the medical records also indicate that plaintiff's knee was swollen and that she had an-old fracture in the 1980's.
2. After the injury, Plaintiff was out work for a period of time and subsequently attempted to return to work. Plaintiff simply could not continue to work because of the severity of the pain. Before the fall Plaintiff was able to work and had worked for many years.
3. By November of 1990, Plaintiff had obvious problems with arthritis. Dr. William Ogden indicated that Plaintiff's condition was made worse when she fell on January 24, 1990.
4. Even though Plaintiff had had some arthritic symptoms, she had not been treated by any doctors specifically for her hips. Since the fall, Plaintiff has suffered pain in both hips to the point that she is now almost moribund. Plaintiff is now forced to use a walker or stick in order to engage in her normal activities.
5. Plaintiff's hips have almost no rotation. She has limited flexion and pain on all motions. Her right is worse than the left. Plaintiff's knees also show changes of severe arthritis. Plaintiff's hands also show mild synovial swelling, but this is a function of degenerative arthritis more so than rheumatoid arthritis.
6. Plaintiff is now one hundred percent (100%) disabled. Both of her knees are severely arthritic. Both hips have had replacements and look fine, but Plaintiff is still having persistent pain. Plaintiff does walk, but she needs a cane for ambulation. Plaintiff is essentially confined to her home and therefore is one hundred percent (100%) disabled.
7. Plaintiff's fall of January 24, 1994, materially aggravated a non-disabling, pre-existing condition and significantly contributed to her disability.
8. As a result of her work-related fall and resulting injury and aggravation of a pre-existing condition, plaintiff is incapable of earning wages in the same or any employment.
* * * * * * * * * * * * * * * *
Based on the foregoing stipulations and findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's fall at work materially aggravated a pre-existing, non-disabling condition and proximately caused or significantly contributed to her resulting disability. When a pre-existing, non-disabling, non-job related condition is aggravated or accelerated by an accidental injury, such that disability results, then the employer must compensate the employee for the entire resulting disability even though it would not have disabled a normal person to that extent.Wilder v. Barbour Boatworks, 84 N.C. App. 188, 352 S.E.2d 690 (1987).
2. Plaintiff's inability to work and earn wages after August 1990 is causally related to or is the direct and natural consequence of her compensable injury of 24 January 1990. When the primary injury is shown to have arisen out of an injury by accident, every natural consequence that flows from the injury likewise arises out of the employment unless it is the result of an independent intervening cause attributable to claimant's own intentional conduct. Thus, a subsequent injury is compenseble if it is the direct and natural result of the compensable primary injury. Starr v. Charlotte Paper Co., 8 N.C. App. 604 (1970).
3. As a result of the January 24, 1990, injury, the Plaintiff is entitled to temporary total disability compensation from August 13, 1990 and continuing until further order of the Commission at the rate of $202.46 per week. N.C. Gen. Stat. § 97-29.
4. As a result of the January 24, 1990, injury by accident, the Plaintiff is entitled to have Defendants pay all medical expenses incurred by Plaintiff as a result of this injury by accident. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay compensation to Plaintiff at the rate of $202.46 per week from August 13, 1990 and continuing until further Order of the Commission. That compensation which has accrued shall be paid to Plaintiff in a lump sum subject to attorney's fees hereinafter approved.
2. Defendants shall pay all medical expenses incurred or to be incurred by Plaintiff as a result of this injury by accident.
3. An attorney's fee in the amount of twenty-five percent (25%) of the award is hereby approved for Plaintiff's counsel. Twenty five percent (25%) of the amount which has accrued shall be paid directly to Plaintiff's counsel in a lump sum. In addition every 4th check due Plaintiff shall be sent directly to Plaintiff's counsel as additional compensation.
4. Defendants shall pay the cost.
 S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _______________________ COY M. VANCE COMMISSIONER
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
BSB:be