The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the deputy commissioner. The appealing party has shown good ground to reconsider the evidence. The Full Commission REVERSES the Opinion and Award of the deputy commissioner and enters the following Opinion and Award.
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. At the time of plaintiff's alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the plaintiff and the defendant-employer at the time of plaintiff's alleged injury.
3. Murray Crane Service was a self-insured employer, with Consolidated Administrators, Inc. as the servicing agent.
4. The parties further stipulated that the following documents were authentic and genuine and could be received into evidence:
 a) Plaintiff's Recorded Statement, dated April 1, 1993;
b) Medical records from Dr. Thomas Craven, Jr;
c) Medical records from Dr. John Walker;
d) Industrial Commission Form 22;
e) Industrial Commission Form 18;
f) Industrial Commission Form 33;
g) Industrial Commission Form 33R;
 h) Plaintiff's timecards from Murray Crane Service (two pages);
i) Insurance Disability Form;
 j) Correspondence dated March 4, 1993, from George Murray to Consolidated Administrators.
****************
Based upon all the competent evidence of record, the Full Commission makes the following
FINDINGS OF FACT
1. The plaintiff is a forty-six year old male, who has worked as a welder for Murray Crane Service for approximately 20 years.
2. On January 21, 1993, plaintiff injured his right knee while working at a job site in Burgaw, North Carolina for Murray Crane Services. Plaintiff was working on an A-frame roof installing a galvanized tin deck. It was raining and the roof was slippery. As plaintiff finished screwing down a roof decking, he slipped and fell backwards with his legs folded back under him. As plaintiff began to slide toward the edge of the roof, a co-worker grabbed hold of him before he slid off the roof.
3. Plaintiff immediately reported the incident to his supervisor, Tony Cavenaugh. Plaintiff also discussed his fall with other co-workers in the presence of Mr. Cavenaugh while riding home in the company van driven by Mr. Cavenaugh soon after the fall occurred. The incident happened near the end of the workday.
4. Plaintiff returned to work on Monday, January 25, 1993, the next working day following his fall and had difficulty working due to the intensity of his pain.
5. Plaintiff reported that he had sustained an injury to his knee due to a fall at work to Mr. George Murray, the company owner on February 5, 1993. Plaintiff asked Mr. Murray if he would send an accident report to the workers' compensation insurance carrier. Mr. Murray refused to report plaintiff's claim and gave plaintiff the name and address of defendant-carrier advising plaintiff to report the injury himself. Mr. Murray also filled out a claim for unemployment compensation and told plaintiff that he would file his lost time from work as a temporary lay-off. Mr. Murray did not file a Form 19 report of injury to the Industrial Commission.
6. Plaintiff filed a Form 18 notice of accident with the Industrial Commission on February 26, 1993.
7. Defendant-employer had notice of plaintiff's fall immediately after the incident and had notice of plaintiff's claim of injury resulting from the fall by February 5, 1993. Plaintiff has complied with N.C. Gen. Stat. § 97-22.
8. Plaintiff has not returned to work for any employer since January 25, 1993.
9. Plaintiff had a history of significant knee problems prior to his January 21, 1993 injury. Plaintiff had a knee dislocation with extensive ligament damage to the right knee in 1972 or 1975, for which he received treatment from Dr. Thomas Craven, Jr., an orthopaedic surgeon. Dr. Craven also treated plaintiff for his right knee on several occasions in the 1980s.
10. Plaintiff received treatment for his January 21, 1993 injury from Dr. Craven on February 2, 1993. During his examination of plaintiff on February 2, 1993, Dr. Craven's records indicate that plaintiff reported that he slipped on the floor and fell. The x-rays showed degenerative, destructive arthritis.
11. Based upon Dr. Craven's records, plaintiff gave a history on March 2, 1993 of a slip and fall with his knee in a hyperflexed position. Dr. Craven was not sure whether he took an inaccurate history the first time or whether plaintiff changed the history given at his March 2, 1993 visit. At said time, plaintiff had more swelling in his knee and he could not dorsiflex his foot indicating possible peroneal nerve damage. Dr. Craven diagnosed degenerative arthritis of the knee with extensive ligament damage, an old posterior dislocation of the knee and a peroneal palsy.
12. Although plaintiff had some intermittent pain and stiffness associated with his prior knee injuries from the early 1970s and early 1980s, his pre-existing knee condition did not prevent him from doing heavy, manual labor in the construction industry.
13. Plaintiff's fall on January 21, 1993 significantly aggravated and accelerated his pre-existing damaged knee condition and caused further ligament damage and nerve palsy. According to Dr. Craven, plaintiff's fall constituted a "new injury superimposed on an already damaged knee." Based upon Dr. Craven's physical findings, plaintiff's knee damage was consistent with a recent injury rather than normal wear and tear from his past knee dislocation and the degenerative process.
14. Based upon the greater weight of the evidence, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on January 21, 1993.
15. As a result of said injury by accident, plaintiff has been unable to earn wages in any employment from January 26, 1993 through the date of hearing and continuing.
16. Plaintiff has not reached maximum medical improvement. Plaintiff is in need of a knee fusion to stabilize his knee. Plaintiff will not be able to return to his former employment or any other employment involving heavy manual labor.
17. Plaintiff's average weekly wage was $358.33 yielding a compensation rate of $238.89.
18. Defendant is entitled to a credit for unemployment benefits received by plaintiff.
*****************
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. On January 21, 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when he fell on a roof and significantly aggravated and accelerated a pre-existing condition. Plaintiff's current disability is causally related to his aggravating work related injury. Plaintiff was not disabled from work prior to his injury. N.C. Gen. Stat. § 97-2 (6).
2. Plaintiff's claim is compensable under the provisions of the North Carolina Workers' Compensation Act because his work related accident contributed in some reasonable degree to the disability for which he seeks compensation. When a pre-existing, non-job-related condition is aggravated or accelerated by an accidental injury arising out of and in the course of employment so that disability results, the employer must compensate the employee even though it would not have disabled a normal person to that extent. Wilder v. Barber Boat Works, 84 N.C. App. 188,352 S.E.2d 690 (1987). Morrison v. Burlington Industries,304 N.C. 1; 282 S.E.2d 458 (1981).
3. Plaintiff is entitled to temporary total disability compensation at the rate of $238.89 from January 26, 1993 through the date of hearing and continuing until further order of the Industrial Commission. N.C. Gen. Stat. § 97-29.
4. Plaintiff is entitled to payment by defendant for all reasonable medical expenses incurred or to be incurred in the future for so long as such treatments or evaluations are reasonably required to effect a cure, provide relief and/or will tend to lessen his disability. N.C. Gen. Stat. § 97-25.
****************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay plaintiff temporary total disability compensation at the rate of $238.89 per week from January 26, 1993 through the date of hearing and continuing until further order of the Industrial Commission. That compensation which has accrued shall be paid to plaintiff in a lump sum, uncommuted, subject to the attorney's fee approved below.
2. Defendant shall pay all medical expense incurred or to be incurred in the future by plaintiff as a result of his compensable injury of January 21, 1993 when bills for the same have been submitted and approved through procedures adopted by the Industrial Commission.
3. A reasonable attorney's fee of 25% of the accrued compensation due plaintiff herein is approved for plaintiff's counsel and thereafter, plaintiff's counsel shall receive every fourth check. Said attorney's fee shall be deducted from the compensation due plaintiff and paid directly to his counsel.
4. Defendant shall pay the costs due this Commission.
 S/ _______________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _______________________________ J. RANDOLPH WARD COMMISSIONER
S/ _______________________________ LAURA K. MAVRETIC COMMISSIONER
BSB:md