Plaintiff in this case began working for defendant as a laborer in December 1991. In this capacity, plaintiff regularly worked ten hour shifts in addition to overtime hours. His duties required him to stand his entire shift on a concrete floor while performing various tasks. Prior to working for defendant-employer, plaintiff had been diagnosed with a leg condition known as deep vein thrombosis, (DVT), a condition which causes blood clots. This condition had been successfully treated, aside from a brief recurrence in 1985, through the time plaintiff began working for defendants.
Beginning in April 1994, plaintiff began noticing pain and ulcers on his legs. He was eventually referred to Dr. Todd Early, a vascular surgeon. Dr. Early found that plaintiff was again experiencing the effects of DVT. Plaintiff was treated conservatively, remained out of work for a period of time and his condition improved. However, upon his return to work on June 12, 1994, plaintiff began to experiencing the recurrence of pain and ulcers. Plaintiff then underwent vascular surgery on August 1, 1994. Since this procedure, plaintiff has been unable to return to work in his former position and defendants have not offered him any other suitable employment.
There is no dispute that plaintiff had experienced DVT prior to working for defendant and that his condition had stabilized prior to his employment. However, the key issue is whether plaintiff's employment with defendants caused a recurrence or aggravation of this preexisting condition. Because, in my opinion, the medical evidence supports a finding that plaintiff's employment did cause and aggravation of this condition, I cannot join in the majority's decision.
An employee who has a preexisting, nondisabling condition which is aggravated by an occupational disease such that the condition becomes disabling is permitted to recover compensation under the Act. G.S. 97-2(6); Wilder v. Barbour Boat Works,84 N.C. App. 188, 352 S.E.2d 690 (1987). Furthermore, when an employee's condition is preexisting, their employment need not be sole causative factor to render the aggravated condition compensable. Hansel v. Sherman Textiles, 304 N.C. 44,283 S.E.2d 101 (1981).
In this case, Dr. Early has testified that plaintiff's position with defendants was the "biggest risk factor" in the aggravation of his DVT condition. (Early Depo. p. 36). Additionally, Dr. Early's testimony establishes that plaintiff's employment, including his return to work on June 12, 1994 which necessitated his surgery, exposed him to an increased risk of an aggravation of his DVT condition. (Early Depo. p. 16, 36). As plaintiff's primary treating physician, Dr. Early's opinions clearly support a finding that plaintiff's employment caused an aggravation of his DVT condition and that his employment exposed him to an increased risk of aggravating this preexisting, nondisabling condition.
Given the weight of the medical evidence supporting a finding of compensability, and the lack of contrary medical evidence, I would find that plaintiff's condition was compensable and award appropriate benefits for his continued disability.
For the foregoing reasons, I would vote to reverse the Deputy Commissioner's decision and respectfully dissent from the majority's Opinion and Award.
 S/ ______________ CHRISTOPHER SCOTT COMMISSIONER