***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor and the briefs and oral arguments before the Full Commission. The appealing parties have not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Taylor, with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and are subject to and bound by the provisions of the Workers' Compensation Act. The Commission has jurisdiction over the parties and of the subject matter, and an employer-employee relationship existed between plaintiff and defendant Home Comfort at the time of plaintiff's injury.
2. Defendant-carrier Erie Insurance was the carrier on the risk for the time period from February 5, 2000, through August 29, 2001, and defendant-carrier CNA Insurance was the carrier on the risk for the time period from August 28, 2001, through August 28, 2002.
3. In addition, the parties stipulated into evidence a packet of medical records as Stipulated Exhibit 1, and other stipulated exhibits, submitted to the Deputy Commissioner after the hearing.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was 28 years of age at the time of hearing before the Deputy Commissioner, his date of birth being May 3, 1974. He was employed as a warehouse and furniture delivery worker for defendant Home Comfort. Plaintiff's job duties principally involved delivering loads of furniture. The job did not involve any office work.
2. On February 4, 2000, plaintiff sustained a compensable injury by accident to his lower back while lifting a piece of heavy furniture. Defendants Home Comfort and Erie filed a Form 60 admitting compensability on March 23, 2000. Plaintiff's disability began on February 8, 2000.
3. Plaintiff's February 2000 injury involved pain in his low back that occasionally radiated down into his legs. Dr. Scott Sanitate at Carolina Back Institute became plaintiff's authorized treating physician.
4. Dr. Sanitate diagnosed plaintiff in April 2000 with "resolving lumbar strain," and noted the pain was increased with coughing and sneezing. Dr. Sanitate allowed plaintiff to return to regular work duty on April 20, 2001, but did not release plaintiff at that time.
5. Plaintiff returned to his regular job with Home Comfort on April 10, 2000. On that date, defendants Home Comfort and Erie filed Forms 28 and 28B acknowledging payment of TTD from February 8 through April 10, 2000, at a workers' compensation rate of $266.68. Plaintiff's average weekly wage was $400.00.
6. Over the next year, plaintiff performed his regular job at Home Comfort but continued to have lower back pain. Plaintiff returned to Dr. Sanitate on April 23, 2001. Plaintiff was treated and was not released.
7. On July 15, 2001, plaintiff was at home with the flu when he vomited and felt greatly increased pain in his lower back. The pain was in the same location as his previous pain from the February 2000 accident and felt the same, except not quite as severe.
8. On July 16, 2001, plaintiff tried to work but had severe pain. Plaintiff informed his supervisor and the adjuster for Erie Insurance, Deidre Kinville, that he had hurt his back during a vomiting incident at home. Defendant Erie refused to authorize plaintiff to see Dr. Sanitate or any other physician for the July 2001 incident and also refused to reinstate disability benefits.
9. Because plaintiff could not see Dr. Sanitate, he saw his family physician, Dr. Wilkins, at Imperial Center Family Medicine on July 19, 2001. Dr. Wilkins noted an exacerbation of his back pain, and referred plaintiff to Dr. Sanitate. The doctor took plaintiff out of work at least for the next 3 days or until plaintiff was better.
10. Over the next two months, plaintiff could not afford to pay for medical care for his back. Plaintiff's back was painful so that his normal routine at home was uncomfortable. Plaintiff did not receive any treatment during that period. Home Comfort did not offer any light duty work.
11. On August 6, 2001, plaintiff wrote Executive Secretary Tracey Weaver at the Industrial Commission, based on Erie's denial of additional benefits. In the letter, Plaintiff described his July 15, 2001 injury:
 Since I hurt my back in February 2000, I throw my back out very easily. I have reinjured it on the job a couple of times since the original injury, but nowhere near the degree of the first injury. . . . On July 15, 2001, I got a flu bug or something and threw up. I threw my back out again (a hard coughing spell is enough to throw my back out). I can feel it is the same injury.
12. Erie received a copy of the letter on August 26, 2001 and knew no later than that date that plaintiff contended his July 2001 incident was an aggravation of the compensable February 2000 injury. Erie continued to deny medical care or TTD on the grounds that plaintiff sustained a new injury away from work.
13. On August 28, 2001, plaintiff filed a Form 33 seeking additional TTD and medical benefits relating to the July 2001 incident.
14. After plaintiff retained counsel, Erie eventually agreed to authorize plaintiff's return to Dr. Sanitate. Plaintiff saw Dr. Sanitate again on October 4, 2001. Dr. Sanitate reported "aggravation of underlying lumbar pain with emesis on 7/15/01 related to flu." Dr. Sanitate imposed lifting restrictions of no greater than 50 pounds, with no repetitive flexion and extension of the lumbar spine. An MRI on October 5, 2001 found a broad-based central disc herniation at L5-S1.
15. Erie received Dr. Sanitate's October 4 note on October 6, 2001 and became aware at least of that date that Dr. Sanitate believed the July 2001 injury was an aggravation of the prior compensable back injury. Erie agreed to pay for medical treatment related to plaintiff's back after that date but continued to deny benefits related to the July 2001 aggravation.
16. Deidre Kinville, Erie's adjuster, testified at the hearing that she denied benefits arising from the July 2001 injury because plaintiff never told her that the July aggravation was related to the February 2000 compensable accident. The Full Commission finds that such testimony is contrary to the overwhelming evidence and is thus afforded little weight because of its lack of credibility.
17. The Full Commission further finds that Erie's actions in denying benefits related to the July 2001 injury constitutes stubborn and unfounded litigiousness, and that Erie defended Plaintiff's Form 33 seeking such benefits without reasonable grounds.
18. Plaintiff was totally disabled by his low back injury from earning wages for the period from July 16 through October 9, 2001.
19. Plaintiff returned to work for Home Comfort on October 8, 2001. Plaintiff was given a position called "warehouse/delivery personnel light duty." A position description described the job as to "provide support to operation in various capacities within restrictions provided by physician" and listed a wide variety of duties such as maintenance and janitorial work, answering phones, assisting with paperwork, and providing customer service. In actuality, plaintiff's main duties were sitting in a break room and answering telephones. Plaintiff was not busy in the job and had only one to two hours worth of work in an eight hour day.
20. The duties listed for the light duty position were normally performed by several employees who pitched in to "cover" and "absorb" the duties listed. Approximately three other Home Comfort employees have been assigned the light duty position, but only for short periods. The actual duties performed can expand or be subtracted according to the abilities of the person in the assignment. The position does not exist as a full-time permanent position and has never been posted as available internally or externally to Home Comfort.
21. The light duty maintenance position would not normally exist in the competitive economy. It was temporary and make-work. Home Comfort did not provide plaintiff with substantial gainful employment upon his return to work in October 2001 that could establish that plaintiff had any wage-earning capacity.
22. In mid-October, Dr. Sanitate lowered plaintiff's weight-lifting restrictions to 25 pounds.
23. On October 29, 2001, plaintiff picked up a seat cushion at work and felt an onset of lower back pain in the same area as the original February 2000 injury. Plaintiff's pain was not as severe as his original accident. Plaintiff saw Dr. Sanitate's physician's assistant on October 31, 2001, who made treatment recommendations and changed plaintiff's restrictions to no lifting over 5 pounds with alternate sitting, standing, and walking every 30 minutes to one hour.
24. Home Comfort did not offer work within these new restrictions and plaintiff did not return to work
25. Erie denied payment of further medical treatment or disability benefits after October 29, 2001.
26. By early November 2001, plaintiff was financially destitute. Plaintiff was ordered evicted from his apartment by mid-November 2001.
27. On November 16, 2001, Dr. Sanitate saw plaintiff, diagnosed him with "aggravation of underlying chronic lumbosacral pain," and changed his restrictions back to the previous limit of 25 pounds lifting.
28. After receiving the November 16 note, Home Comfort once again offered plaintiff the temporary light duty position. Plaintiff could not accept the position because he could not afford to pay for housing in Raleigh, which would have included a deposit on a new apartment, and moved to stay with his grandmother in Kentucky. Plaintiff's financial situation and inability to accept the light duty position was due in large part to Erie's denial of TTD during his absence from work after the July 15, 2001 aggravation.
29. On December 3, 2001, Home Comfort terminated plaintiff's employment based on absenteeism after the October 29, 2001, incident. Plaintiff's absenteeism was directly related to his compensable injury. Since plaintiff's termination, Home Comfort has not offered plaintiff any type of re-employment.
30. Since the termination, plaintiff has continued to have radiating pain, difficulty sitting for more than about 30 minutes, and pain and burning in his low back. Erie authorized plaintiff to return once to Dr. Sanitate, in May 2002. Plaintiff has not reached maximum medical improvement and needs additional medical care.
31. Since his termination, plaintiff has regularly sought other employment but has not been able to find a permanent light duty position. Plaintiff cannot do heavy lifting and cannot sit at a desk for extended periods due to his current back pain. He has not been able to earn wages since October 29, 2001, through the date of the hearing. His inability to earn wages was a result of his compensable injury.
32. Plaintiff was totally disabled from earning wages from October 29, 2001, when he temporarily aggravated his back, through the date of the hearing before the Deputy Commissioner and thereafter. Defendant Home Comfort failed to offer suitable employment to plaintiff, and there is no evidence that suitable employment exists that he could obtain and keep.
33. The October 29, 2001, incident also aggravated the February 2000 injury, but only involved a flare up plaintiff's pain and was not permanent. The Full Commission finds that the temporary aggravation occurred during the course and scope of plaintiff's employment, but had resolved by six weeks after the October 29, 2001, incident.
34. Dr. Sanitate testified, and the Full Commission finds as fact, that the July 2001 incident was an aggravation of the original February 2000 injury.
35. The July 2001 incident was a natural consequence of the original injury, and not of some intervening factor.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On July 15, 2001, plaintiff sustained a compensable aggravation of his compensable back injury of February 2000 when he vomited at home while suffering from the flu. Plaintiff's aggravation was a natural consequence of the primary injury of February 4, 2000, thus, the July 2001 injury is also compensable under the North Carolina Workers Compensation Act and is the responsibility of the employer and carrier on the risk on that date, Erie. Horne v. Universal Leaf Tobacco Processors,119 N.C. App. 682, 459 S.E.2d 797 (1995); Heatherly v. MontgomeryComponents, Inc., 71 N.C. App. 377, 379, 323 S.E.2d 29, 30 (1984).
2. As a result of the July 15, 2001, compensable aggravation, plaintiff met his burden of showing that he was totally disabled from earning wages for the period from July 16 through October 9, 2001. Plaintiff is entitled to receive from defendants Home Comfort and Erie Insurance payment of total disability benefits for the period from July 16 through October 9, 2001, at the rate of $266.68 per week. N.C. Gen. Stat. §97-29.
3. Plaintiff's performance of a light duty office job with defendant Home Comfort from October 10, 2001, to October 29, 2001, does not establish that plaintiff resumed any wage earning capacity, since such employment was temporary and was make-work in nature in that it was a position that would not normally exist in the competitive economy and that plaintiff would not have been employed at the wages he was paid to perform. Saums v. Raleigh Community Hospital, 346 N.C. 760, 765,487 S.E.2d 746 (1997).
4. On October 29, 2001, plaintiff sustained another compensable injury by accident to his back, consisting of a temporary aggravation to his compensable February 2000 back injury while lifting an object while at work. Due to his October 2001 accident, plaintiff's pre-existing back condition temporarily flared up so that he stopped earning wages. Because defendant carrier CNA was on the risk at the time of the October 29, 2001, accident, plaintiff is entitled to receive from defendants Home Comfort and CNA Insurance payment of total disability benefits at the rate of $266.68 for the period from October 29, 2001, to November 16, 2001, when the aggravation to the pre-existing compensable condition resolved. N.C. Gen. Stat. § 97-29; Errante v. Cumberland County SolidWaste Mgt., 106 N.C. App. 114, 415 S.E.2d 583 (1992); Wilder v. BarbourBoat Works, 84 N.C. App. 188, 352 S.E.2d 690 (1987).
5. Plaintiff continued to be totally disabled from gainful employment following November 16, 2001, through the date of the hearing in this matter. The evidence of record fails to show that plaintiff resumed wage-earning capacity during this period, and fails to show that the defendant Home Comfort ever offered plaintiff employment that would constitute substantial gainful activity or establish wage-earning capacity. Plaintiff's continuing disability was due to his compensable February 2000 injury, which had been aggravated by the compensable July 15, 2001, incident during defendant carrier Erie Insurance's period of coverage. Plaintiff, therefore, is entitled to receive from defendants Home Comfort and Erie Insurance additional total disability benefits for the period from November 17, 2001, to the date of the hearing before the Deputy Commissioner and thereafter, until such time as plaintiff returns to work or until further order of the Commission. N.C. Gen. Stat. §97-29.
6. Plaintiff is entitled to payment by defendants Home Comfort and Erie Insurance of past and future medical treatment as necessary to effect a cure, give relief, or lessen plaintiff's period of disability due to his compensable February 2000 injury, as aggravated by the July 15, 2001, incident, and specifically including treatment at Imperial Family Medicine. Defendant carrier CNA Insurance shall be liable for necessary medical treatment rendered during the period from October 29, 2001 to November 16, 2001. All medical treatment for plaintiff's lower back rendered after November 16, 2001, shall be the responsibility of Home Comfort and Erie Insurance. N.C. Gen. Stat. § 97-25.
7. Due to the physical distance between plaintiff's home in Kentucky and Dr. Sanitate's office, plaintiff shall be entitled to a change of treating physician to an orthopaedic surgeon of his choice practicing in Kentucky. N.C. Gen. Stat. § 97-25.
8. Plaintiff is not yet at maximum medical improvement for his injuries and is not yet required to elect remedies pursuant to N.C. Gen. Stat. §§ 97-29, 97-30, and 97-31.
9. Plaintiff is entitled to an award of attorney's fees against defendants Erie Insurance and Home Comfort due to defendants' denial of this claim without reasonable ground. Plaintiff is likewise entitled to an award of attorney's fees against defendants CNA Insurance and Home Comfort due to defendants' denial of this claim without reasonable ground. N.C. Gen. Stat. § 97-88.1.
10. Plaintiff is further entitled to an award of attorney's fees against defendants Erie Insurance and CNA Insurance for the defense of this appeal before the Full Commission. N.C. Gen. Stat. § 97-88. The Full Commission finds the reasonable amount of such fees to be $1,000.00 and finds that Erie should pay $900.00 and CNA should pay $100.00.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. As a result of his compensable injury by accident of February 2000, as aggravated on July 15, 2001, and based on an average weekly wage of $400.00, defendants Home Comfort and Erie Insurance shall pay to plaintiff total disability benefits of $266.68 per week from July 16, 2001, through October 9, 2001, and from November 17, 2001, until such time that plaintiff returns to work at his pre-injury wage or until further order by the Commission. Defendants Home Comfort and Erie Insurance shall pay to plaintiff such amounts as have accrued forthwith, including interest at 8% per annum. Thereafter, Home Comfort and Erie Insurance shall pay plaintiff $266.68 per week until such time that plaintiff returns to work at his pre-injury wage or until further order by the Commission.
2. As a result of his compensable injury by accident of October 29, 2001, defendants Home Comfort and CNA Insurance shall pay to plaintiff total disability benefits from October 29, 2001 to November 16, 2001 at the rate of $266.68 per week. They shall pay this in a lump sum with interest at 8% per annum.
3. Defendants Home Comfort and Erie Insurance shall pay all reasonable past and future medical expenses related to plaintiff's compensable injuries, except that medical expenses incurred from October 19, 2001, to November 16, 2001, shall be paid by defendants Home Comfort and CNA Insurance. Defendants Home Comfort and Erie shall authorize future medical treatment with a physician of plaintiff's choice near his home in Kentucky.
4. Pursuant to N.C. Gen. Stat. § 97-88.1, defendants Home Comfort and Erie Insurance shall pay to plaintiff's counsel a reasonable attorney's fee in the amount of 25% of all compensation due plaintiff under paragraph 1 of this Award. Said amount shall be paid directly to plaintiff's counsel and shall NOT be deducted from the aforesaid award to plaintiff. Such defendants shall pay the attorney fee based on the lump sum directly to such attorney at the same time the lump sum is paid to plaintiff. They shall also pay the weekly payments to counsel at the same time weekly payments are paid to plaintiff. Additionally, defendants Home Comfort Furniture and CNA Insurance Company shall pay directly to plaintiff's counsel $2,000.00 in attorney's fees, which shall NOT be deducted from the sums due plaintiff pursuant to paragraph 2 of this Award. The 25% and $2,000.00 are found to be reasonable compensation pursuant to N.C. Gen. Stat. § 97-88.1 against Erie and CNA, respectively.
5. Pursuant to N.C. Gen. Stat. § 97-88, defendants Erie Insurance and CNA insurance shall pay to plaintiff's counsel a reasonable attorney's fee in the amount of $1,000.00 for the defense of this appeal before the Full Commission with Erie to pay $900.00 and CNA to pay $100.00.
6. Defendants Home Comfort and Erie Insurance shall pay the costs.
This 10th day of June 2003.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER